UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
YVETTE R.,

                        Plaintiff,        <u>DECISION AND ORDER</u>
                                            1:24-CV-01438-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

      In April of 2022, Plaintiff Yvette R.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

      This case was referred to the undersigned on July 31, 2024. Presently pending is Plaintiff's Motion for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 14). For the following reasons, Plaintiff's motion is due to be granted and this matter is remanded for further administrative proceedings.

## I. BACKGROUND

### A.   Administrative Proceedings

Plaintiff applied for benefits on April 12, 2022, alleging disability beginning September 10, 2021. (T at 234-70).[2] Plaintiff's applications were denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on March 27, 2023, before ALJ Laura Bernasconi. (T at 35-53). Plaintiff appeared with an attorney and testified. (T at 40-47). The ALJ also received testimony from Susan Gaudet, a vocational expert. (T at 47-52).

### B.   ALJ's Decision

On May 31, 2023, the ALJ issued a decision denying the application for benefits. (T at 8-29). The ALJ found that Plaintiff had not engaged in substantial gainful activity since September 10, 2021 (the alleged onset date) and meets the insured status requirements of the Social Security Act through September 30, 2026 (the date last insured). (T at 13).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

The ALJ concluded that Plaintiff's chronic kidney disease; back impairment; and hypertension were severe impairments as defined under the Act. (T at 14).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 14).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she cannot climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs; occasionally balance, stoop, crouch, crawl, and kneel; and should avoid all exposure to hazards, such as moving machinery and unprotected heights. (T at 17).

The ALJ concluded that Plaintiff could perform her past relevant work as a cleaner/housekeeper. (T at 23).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between September 10, 2021 (the alleged onset date) and May 31, 2023 (the date of the ALJ's decision). (T at 23-24). On February 5,

2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on February 26, 2024. (Docket No. 1).  On July 29, 2024, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 14, 15).  The Commissioner interposed a brief in opposition to Plaintiff's motion and in support of a request for judgment on the pleadings, on September 26, 2024. (Docket No. 17).  On October 18, 2024, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 18).

## II.  APPLICABLE LAW

A.   *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

4

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff argues that the ALJ's decision is not supported by substantial evidence and is undermined by several errors, including the failure to properly consider the medical opinion evidence.

A.   *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Silvia Aguiar performed a consultative examination in June of 2022. She diagnosed chronic kidney disease (stage 4), lower back pain, and hypertension. (T at 969). Dr. Aguiar opined that Plaintiff had "moderate" limitation with respect to bending, heavy lifting, carrying, prolonged standing, prolonged walking, prolonged sitting, and crouching. (T at 970).

The ALJ found Dr. Aquiar's opinion "not persuasive" because the terms "moderate" and "prolonged" were undefined and because the physician's assessment was inconsistent with the ALJ's reading of the clinical record, including the results of Dr. Aguiar's own examination, and with Plaintiff's activities of daily living. (T at 21).

For the following reasons the Court finds that the ALJ's consideration of the medical opinion evidence cannot be sustained and must be revisited on remand.

First, it is not clear how much persuasive power the ALJ gave Dr. Aguiar's opinion. The ALJ first described the opinion as "not persuasive," but later stated that she found it "partially persuasive." (T at 21).

Second, Dr. Aguiar did not review a September 2022 MRI of Plaintiff's lumbar spine, which revealed multiple disc herniations, some impressing on the spinal cord; moderate bilateral foraminal stenosis; facet hypertrophy; ligamentum flavum ossification; annular tears; spondylosis; retrolisthesis; and renal cysts. (T at 1055-56).

"Courts have consistently decided that when consultative physicians fail to read a claimant's MRI results prior to formulating a medical opinion, their opinion cannot constitute substantial evidence." *Fintz v. Kijakazi*, No. 22-CV-00337(KAM), 2023 WL 2974132, at *4 (E.D.N.Y. Apr. 15, 2023); *see also Garcia v. Comm'r of Soc. Sec.*, No. 22-CV-2449 (FB), 2023 WL 4904751, at *3 (E.D.N.Y. Aug. 1, 2023).

The Commissioner contends that the ALJ's analysis should be sustained because (a) the overall record supports the decision, (b) the ALJ referenced the September 2022 MRI, and (c) some courts have concluded

that moderate limitations, such as those assessed by Dr. Aquiar, are consistent with the ability to perform a range of light work. *See Jordan v. Comm'r of Soc. Sec.,* No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018)("[A] number of courts have found that 'moderate' limitations for standing, walking, sitting, and lifting are consistent with the ability to do light work.")(collecting cases); *but see Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014)("Dr. Balderman's report is not the clean bill of health that the ALJ suggests it is. Indeed, even Dr. Balderman, whose opinion received greater weight, found that Carroll suffered from moderate limitations in prolonged sitting and standing. This is not necessarily compatible with an ability to perform light work, as defined by the regulations.").

The problem with the ALJ's decision is that the ALJ's lay interpretation is no substitute for an expert's review of the complete material record, including the September 2022 MRI, particularly since (1) the ALJ did not find any of the medical opinions fully persuasive[3] and (2)

---

[3] The non-examining State Agency review physicians opined that Plaintiff could lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; sit for about 6 hours and stand and/or walk for about 6 hours in an 8-hour workday; frequently climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; balance without limitation; frequently stoop, kneel, crouch, and crawl; and perform work without any manipulative or environmental limitations. (T at 63, 95). The ALJ found these opinions "partially persuasive" and concluded that they did not adequately account for Plaintiff's

the record does not contain an assessment from any of Plaintiff's treating providers. *See e.g., Mackey v. Comm'r of Soc. Sec.*, 519 F. Supp. 3d 151, 153 (E.D.N.Y. 2021)("Such substitution of the ALJ's armchair views of medical evidence is clearly impermissible."); *Piscope v. Colvin*, 201 F. Supp. 3d 456, 464 (S.D.N.Y. 2016)("Given the conflicts in the medical evidence, and in light of the ALJ's decision to grant none of the medical opinions full weight, the record calls for enhancement through inquiries to the treating physicians or consultants that might shed light on the import of their opinions and the conflicts the ALJ identified."); *Garcia*, 2023 WL 4904751, at *3 ("Medical records alone cannot provide substantial evidence for an RFC determination; rather, an 'ALJ's RFC determination must be supported by a medical opinion' and that opinion must have been 'in the record at that time.'")(quoting *Pearson v. Comm'r of Soc. Sec.*, No. 20-CV-3030 (AMD), 2021 WL 3373132, at *4 (E.D.N.Y. Aug. 3, 2021)).

In addition, the ALJ said that Dr. Aquiar's use of the terms "moderate" and "prolonged" was vague (T at 21), but then (apparently) relied on her own interpretation of Dr. Aquiar's findings to support the conclusion that Plaintiff retained the RFC to perform a range of light work, including the

---

"back problems …." (T at 21). Like Dr. Aguiar, these physicians did not review the September 2022 MRI.

physically demanding position of cleaner/housekeeping (her past relevant work), without re-contacting Dr. Aquiar for clarification. (T at 21-23).  This was error. *See Garcia*, 2023 WL 4904751, at *3; *see also Fintz v. Kijakazi*, No. 22-CV-00337(KAM), 2023 WL 2974132, at *6 (E.D.N.Y. Apr. 15, 2023) ("The Court finds the ALJ's reliance on Dr. Ravi's opinion deficient because there is no indication that Dr. Ravi considered or saw Plaintiff's MRIs and Dr. Ravi utilized vague terms when describing Plaintiff's functional limitations.").

Notably, this error was material to the disability determination.  The vocational expert testified that a claimant with the limitations set forth in the RFC could perform Plaintiff's past relevant work as it was actually and is generally performed. (T at 49-50).  The ALJ relied on this testimony in denying the claim for benefits. (T at 23).

On cross-examination, however, the vocational expert was asked about a claimant with "moderate limitations in bending, carrying, walking, standing, sitting and crouching," with "moderate" being defined as the inability to perform the activity "one-third of the day." (T at 51).  The expert opined that a claimant with those limitations would not be able to perform Plaintiff's past relevant work. (T at 51).

13

A remand is, therefore, required to determine whether and to what extent the medical opinions regarding Plaintiff's functioning are impacted by the September 2022 MRI; for clarification of the meaning "moderate" and "prolonged;" and for consideration as to whether a functional assessment from a treating provider(s) is necessary to complete the record.[4]

### B.   Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

The Court finds a remand necessary and appropriate for the reasons set forth above.

---

[4] Plaintiff also argues that the ALJ erred in discounting her subjective complaints and in failing to adequately consider the impairment of her kidney problems.  These issues are impacted by the errors outlined above and will necessarily need to be revisited on remand as well.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is due to be GRANTED and this matter is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: October 21, 2024                              *s/ Gary R. Jones*
                                                         GARY R. JONES
                                                         United States Magistrate Judge